David Ricksecker (*pro hac vice application forthcoming*)
T. Reid Coploff (*pro hac vice application forthcoming*)
WOODLEY & McGILLIVARY
1101 Vermont Ave., N.W., Suite 1000
Washington, DC 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)
dr@wmlaborlaw.com

Charles P. Yezbak, III (*pro hac vice application forthcoming*)
Yezbak Law Offices
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
(615) 250-2000 (Telephone)
yezbak@yezbaklaw.com

Nicholas J. Enoch
State Bar No. 016473
Kaitlyn A. Redfield-Ortiz
State Bar No. 030318
LUBIN & ENOCH, P.C.
349 North Fourth Avenue
Phoenix, AZ  85003-1505
(602) 234-0008 (Telephone)
(602) 626-3586 (Facsimile)
nicholas.enoch@azbar.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Longnecker, Erandi Acevedo, Jennifer Flynn, Bonita Kathol, and Janet Seitz, <br><br> Plaintiffs, <br><br> v. <br><br> American Express Company, and AMEX Card Services Company, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT IN COLLECTIVE ACTION** <br><br><br><br> **(DEMAND FOR JURY TRIAL)** |

**COMPLAINT**

1.      The plaintiffs are current or former employees of the defendants, and they bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the defendants on behalf of themselves and all others similarly situated because of defendants' unlawful deprivation of plaintiffs' rights to overtime compensation. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 et seq.

**JURISDICTION AND VENUE**

2.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.  Venue lies within this district pursuant to 28 U.S.C. § 1391.

3.      At all times material herein, each of the plaintiffs has been employed by the defendants American Express Company and AmEx Card Services Company (hereinafter "American Express" or "defendants") at defendants' call center in Phoenix, Arizona.  Plaintiffs have each given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such consents are appended to this Complaint as Exhibit A.  Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b).

4       Defendant American Express Company is an American corporation with its principal place of business located at 200 Vesey Street, New York, New York, 10285-3106.  It is currently licensed to do business in the State of Arizona.  Defendant's registered agent for service of process is C T Corporation System, 2390 Camelback Road, Phoenix, Arizona 85016.

5.      Defendant AmEx Card Services Company is an American corporation with its principal place of business at 4315 South 2700 West, Salt Lake City, Utah 84184.  It is currently

2

licensed to do business in the State of Arizona.  Defendant's registered agent for service of process is C T Corporation System, 2390 Camelback Road, Phoenix, Arizona 85016.

6.     Defendant AmEx Card Services Company is a subsidiary of defendant American Express Company.

7.     Each defendant is an "employer" within the meaning of 29 U.S.C. § 203(d) and a "person" within the meaning of 29 U.S.C. § 203(a).

8.     At all times material to this action, defendants have been enterprises engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and each defendant's annual dollar business volume has exceeded $500,000.

9.     At all times material herein, defendants have been actively conducting business in the State of Arizona.

**FACTS**

10.    At all times material herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

11.    At all times material herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

12.     Although actual scheduled shift times varied for plaintiffs, at all times material herein, plaintiffs were scheduled to work 40 hours each workweek. For instance, while employed by defendants, a plaintiff could be scheduled to work four 7.5-hour shifts and one 10-hour shift each week for 40 total hours during the workweek. Another plaintiff may be scheduled to work five 8 hour shifts for 40 total hours during the workweek. At all times material herein, while

3

employed by defendants, each of the plaintiffs has worked a paid, scheduled, weekly shift of 40 hours per work week.

13. At all times material herein, defendants set plaintiffs' work schedules.

14. In addition to their paid, scheduled shifts, during each scheduled shift that is 8 hours or longer, plaintiffs receive and received an unpaid 30-minute time period designated as their "meal period." For instance, a plaintiff scheduled to work a paid 10-hour shift would work from 9:30 a.m. to 8:00 p.m. with 30-minutes designated as an uncompensated "meal period." A plaintiff scheduled to work an 8-hour shift would work from 8:00 a.m. to 4:30 p.m. with 30-minutes designated as an uncompensated "meal period."

15. Because plaintiffs have been scheduled to work 40 hours each workweek, any work performed outside their regularly-scheduled work is in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207.

16. At all times material herein, plaintiffs have been instructed by defendants to list on their timesheets only the hours in which they are scheduled to work and no other hours during which plaintiffs performed work prior to their shifts or during their unpaid meal periods.

17. At all times material herein, plaintiffs performed additional unscheduled work in addition to the 40 hours of scheduled work, for which plaintiff and all others similar situated were not compensated.

18. At all times material herein, each day plaintiffs spend time engaged in pre-shift activities, which must be performed at the defendants' facility before plaintiffs' official shift starting times, including, but not limited to, starting computer systems necessary to begin taking phone calls from customers and reviewing emails. Plaintiffs perform this work to ensure that they

4

are ready and available to take calls immediately at the beginning of their shifts, as is required by defendants.

19. At all times material herein, plaintiffs spend time engaged in work activities, including, but not limited to, starting computer systems necessary to begin taking phone calls from customers and reviewing emails, during their unpaid meal periods on shifts where plaintiffs receive an unpaid meal period. Plaintiffs perform this work to ensure that they are ready and available to take calls immediately at the end of their unpaid meal break, as is required by defendants.

20. At all times material herein, plaintiffs have been entitled to receive and have received payments from defendants in addition to their base, hourly wage. These payments include, but are not limited to, incentive payments, for meeting certain work-based metrics set by defendants, and shift differentials for working certain shifts.

21. Defendants do not include the payments referenced in paragraph 20 in determining plaintiffs and other similar employees' regular rate for purposes of determining their overtime premium.

22. Defendants have other call center locations where employees perform the same or similar job duties as plaintiffs do at the Phoenix call center and where similar FLSA violations, such as defendants' failure to include the payments referenced in paragraph 20 above in calculating the employees' overtime pay.

**VIOLATION OF 7(a) OF THE FAIR LABOR STANDARDS ACT**

23. Plaintiffs incorporate by reference paragraphs 1 through 22 in their entirety and restate them herein.

5

24. Section 7(a) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1), provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per work week.

25. At defendants' call centers, including the call center located in Phoenix, Arizona defendants have violated, and continue to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to compensate plaintiffs and other employees for pre-shift work performed prior to the plaintiffs' paid start time at a rate of not less than one and one-half times the regular rate at which the plaintiffs are employed in workweeks in which plaintiffs work 40 or more hours per week.

26. Defendants have deprived the plaintiffs and other similarly situated employees of overtime compensation by failing to compensate them for the time that they spend engaged in pre-shift activities, which must be performed at the defendants' facility before plaintiffs' official shift starting time, including starting computer systems necessary to begin taking phone calls from customers and reviewing emails. They perform this work to ensure that they are ready and available to take calls immediately at the beginning of their shifts. In other words, plaintiffs perform work before the start of their shifts without compensation in workweeks in which plaintiffs work 40 or more hours per week.

27. At defendants' call centers, including the call center located in Phoenix, Arizona, defendants have violated, and continue to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to compensate plaintiffs and other employees for work performed during meal periods at a rate of not less than one and one-half times the regular rate at which the plaintiffs are employed in workweeks in which plaintiffs work 40 or more hours per week.

28. Plaintiffs receive unpaid meal periods of thirty minutes each shift scheduled for 8 hours or longer.

6

29.     Defendants have deprived plaintiffs and other similarly situated employees of overtime compensation by failing to compensate them for the time that they spend engaged in work activities during their unpaid meal periods on shifts where plaintiffs and other similarly situated employees receive an unpaid meal period.  They perform this work to ensure that they are ready and available to take calls immediately at the end of their unpaid meal break.  Thus, plaintiffs do not receive their full meal breaks although defendants require them to list full, unpaid meal breaks on their timesheets on days that plaintiffs are scheduled to receive a meal break during workweeks in which plaintiffs work 40 or more hours.

30.     Defendants have violated, and continue to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to compensate plaintiffs and other employees at defendants' call centers, including the call center located in Phoenix, Arizona, for their hours of work in excess of 40 hours per work week at a rate of not less than one and one-half times the regular rate at which the plaintiffs are employed by failing to include payments made to plaintiffs in addition to their hourly pay in defendants' calculation of plaintiffs' regular rate of pay used for the payment of overtime to plaintiffs.

31.     Defendants have deprived the plaintiffs and other similarly situated employees of overtime compensation mandated under the FLSA by miscalculating the regular rate of pay at which overtime is paid.  Defendants have failed to include various types of compensation paid to plaintiffs in addition to their hourly pay in plaintiffs' regular rates of pay for purposes of calculating plaintiffs' FLSA overtime compensation.  These types of payments include, but are not limited to, incentive awards and shift differentials.  These forms of compensation and similar types of payments made to plaintiffs are forms of compensation that must be included in the regular rate of pay at which overtime is paid under section 207(a) of the Fair Labor Standards Act,

29 U.S.C. § 207(a). Defendants' failure to include these payments in plaintiffs' regular rates of pay violates section 207(a) of the Fair Labor Standards Act, 29 U.S.C. § 207(a).

32. Defendants' violations of the FLSA as alleged in paragraphs 1 through 31 herein have been done in a willful and bad faith manner.

33. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action.

34. The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owing to each of them.  Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendants' liability can be ascertained.

### **PRAYER FOR RELIEF**

Wherefore, the plaintiffs pray that this Court grant relief against the defendants as follows:

(a) Enter a declaratory judgment declaring that the defendants have willfully and wrongfully violated their statutory and legal obligations and deprived plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs and all others who are similarly situated are entitled;

    (c)    Award plaintiffs and all others who are similarly situated monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal law equal to their unpaid compensation; plus pre-judgment and post-judgment interest;

    (d)    Award plaintiffs and all others who are similarly situated their reasonable attorneys' fees to be paid by the defendants, and the costs and disbursements of this action; and

    (e)    Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Dated: January 14, 2014        Respectfully submitted,

/s/ David Ricksecker
David Ricksecker
T. Reid Coploff
WOODLEY & McGILLIVARY
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
(202) 833-8855
(202) 452-1090 (Facsimile)
dr@wmlaborlaw.com
trc@wmlaborlaw.com

Charles P. Yezbak, III
Yezbak Law Offices
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215
(615) 250-2000
yezbak@yezbaklaw.com

///

///

///

9

| | |
|---|---|
| 1 | /s/ Nicholas J. Enoch |
| 2 | Nicholas J. Enoch |
|   | State Bar No. 016473 |
| 3 | Kaitlyn A. Redfield-Ortiz |
|   | State Bar No. 030318 |
| 4 | LUBIN & ENOCH, P.C. |
|   | 349 North Fourth Avenue |
| 5 | Phoenix, AZ  85003-1505 |
| 6 | (602) 234-0008 (Telephone) |
|   | (602) 626-3586 (Facsimile) |
| 7 | nicholas.enoch@azbar.org |
|   | kaitlyn@lubinandenoch.com |

Attorneys for Plaintiffs

10