William J. Maledon, 003670
Dawn L. Dauphine, 010833
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona  85012-2793
(602) 640-9000
wmaledon@omlaw.com
ddauphine@omlaw.com

Richard G. Rosenblatt *(pro hac vice)*
Pamela S. Richardson *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540-6241
(609) 919-6600
rrosenblatt@morganlewis.com
prichardson@morganlewis.com

Sharon A. Lisitzky (*pro hac vice*)
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
slisitzky@morganlewis.com

**Attorneys for American Express Company
     and AMEX Card Services Company**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Longnecker; Erandi Acevido; Jennifer Flynn; Bonita Kathol; and Janet Seitz,<br><br>        Plaintiffs,<br><br>    v.<br><br>American Express Company; and AMEX Card Services Company,<br><br>        Defendants. | Case No. CV-14-00069-PHX-HRH<br><br>**DEFENDANTS' MOTION TO DISMISS THE COLLECTIVE ACTION ALLEGATIONS IN PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Defendants American Express Company and AMEX Card Services Company

(collectively "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby submit this

Motion to Dismiss the Collective Action Allegations set forth in the Complaint filed

by Plaintiffs Jonathan Longnecker, Erandi Acevido, Jennifer Flynn, Bonita Kathol,

and Janet Seitz (collectively "Plaintiffs") on January 14, 2014.  In the alternative, pursuant to Fed. R. Civ. P. 12(e), Defendants ask the Court to order Plaintiffs to provide a more definite statement regarding their purported collective action claims.

Plaintiffs' Complaint fails to provide any factual allegations regarding the putative members of the collective action that Plaintiffs seek to represent, and fails to meet the pleading standard established by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  Nowhere in the Complaint do Plaintiffs identify their job titles or job responsibilities, or those of the purportedly "similarly situated" individuals for whom they seek relief.  Likewise, the Complaint fails to identify the dates of their alleged employment with Defendants, or the time period during which they claim that Defendants unlawfully deprived them and the purportedly "similarly situated" individuals of overtime compensation.  Plaintiffs do not even allege whether they – or the allegedly "similarly situated" individuals – were classified as exempt or non-exempt employees under the Fair Labor Standards Act ("FLSA").

Courts throughout the country have dismissed "bare bones" collective action allegations that, like Plaintiffs' here, fail to put the Defendants and the Court on notice of who is included in the purported class definition, and that simply assert legal conclusions (e.g., that individuals are "similarly situated") instead of facts.  Indeed, all that can be gleaned from Plaintiffs' allegations is that the members of the putative collective action turn on computers, read emails, answer telephone calls, and eat lunch – which can likely be said for almost every employee of every company throughout the country.  In the absence of any specific factual allegations regarding those who Plaintiffs deem to be "similarly situated," it is impossible for Defendants (and the Court) to discern which employees Plaintiffs seek to include in this case.  Plaintiffs' allegations therefore lack the requisite factual detail, under *Twombly* and *Iqbal*, to demonstrate that their collective action claims are plausible, and should be dismissed. In the alternative, if the Court is not inclined to dismiss the collective action

allegations, Defendants respectfully request that Plaintiffs be required to provide a more definite statement of the alleged facts supporting their FLSA collective action claim, such that Defendants may be able to properly frame a response.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on January 14, 2014, purporting to bring an action on "behalf of themselves and all others similarly situated because of defendants' unlawful deprivation of plaintiffs' rights to overtime compensation." (Complaint, ¶ 1.)  In the Complaint, Plaintiffs allege that they are "current and former employees of Defendants" who worked in a call center in Phoenix, Arizona, and that they were scheduled to work forty hours each workweek.  (*Id.*, ¶ ¶ 1, 3, 12)  Plaintiffs further allege that they engaged in uncompensated pre-shift activities including "starting their computer systems necessary to begin taking phone calls from customers and reviewing emails," and also performed such work during unpaid meal breaks.  (*Id.*, ¶¶ 18-19.)  Plaintiffs also claim that the Defendants failed to include certain payments, such as incentive payments and shift differentials, in their regular rate of pay for purposes of calculating overtime.  (*Id.,* ¶ 21.)

Plaintiffs' Complaint does not, however, identify when they were allegedly employed by Defendants, repeatedly referring to "all times material herein" but never stating what that time period is.  Nor does the Complaint identify what positions they held while employed by Defendants.  Indeed, there is no mention of their job titles or the duties they performed, except to say that pre-shift activities included "starting computer systems necessary to begin taking phone calls from customers and reviewing emails."  (*Id*. at ¶¶ 18, 26.)  Further, while Plaintiffs purport to represent others who they assert are "similarly situated" to them, Plaintiffs do not state when any such employees were employed by Defendants, what positions these individuals held, or what job duties they performed.  Plaintiffs do not allege any specific duties of the putative class, except to state, in conclusory fashion, that employees at other call center locations "perform the same or similar job duties as plaintiffs do at the Phoenix

1   call center," and that other "similarly situated employees" perform the same pre-shift
2   activities that they do – namely, "starting computer systems necessary to begin taking
3   phone calls from customers and reviewing emails. (*Id*. at ¶¶ 22, 26.)

4   ## II.    STANDARD OF REVIEW[1]

5          The United States Supreme Court has instructed that, to survive a motion to
6   dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state
7   a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678
8   (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  These
9   facts cannot be mere "[t]hreadbare recitals of the elements of a cause of action,
10  supported by mere conclusory statements," and the Court need not credit a plaintiff's
11  "bald assertions," or "legal conclusions." *Ashcroft*, 556 U.S. at 678.  Further, a
12  plaintiff may not rest merely on "labels and conclusions" or a "formulaic recitation of
13  the elements of a cause of action…." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,
14  555 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ("After
15  *Twombly*, it is no longer sufficient to allege [the] mere elements of a cause of
16  action.").  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of
17  "further factual enhancement." *Id.* at 557.

18         Numerous federal courts have applied the pleading standards set forth in *Iqbal*
19  and *Twombly* to FLSA collective actions, requiring plaintiffs to provide a sufficient
20  level of factual specificity as to the claims and/or the identity of the proposed putative

21
22  [1]    Defendants have separately filed a motion, pursuant to Fed. R. Civ. P. 12(b)(1), to
    compel the claims of Plaintiffs Longnecker, Acevedo, Flynn and Seitz to arbitration.
23  Defendants have not, however, moved to dismiss the claims of Plaintiff Kathol.  Although
    this motion, and the motion to compel arbitration, are not directed to Plaintiff Kathol's
24  individual claims, a partial motion to dismiss tolls the time to respond to any remaining
    claims.  *See, e.g., Thermolife Int'l, LLC v. Gaspari Nutrition, Inc.*, No. CV 11-01056, 2011
25  WL 6296833, at *5 (D. Ariz. Dec. 16, 2011) (recognizing, as the majority of courts do, that
    "requiring a defendant to answer some claims raised in the complaint concurrently with a
26  pending motion to dismiss creates the potential for duplicative proceedings"); *Pestube Sys.,
    Inc. v. Hometeam Pest Defense, LLC*, No. CIV-05-2832, 2006 WL 1441014, at *7 (D. Ariz.
27  May 24, 2006) (same).  If for any reason the Court disagrees, we request that the Court so
    advise and provide an opportunity to respond to any remaining claims.
28

1  class, or face dismissal.  *See Hernandez v. Hillsboro Enters.*, No. 2:12-cv-00575,

2  2013 WL 5427996, at * (D. Nev. Sept. 26, 2013) (dismissing under Rule 12(b)(6)

3  FLSA collective claims that fail to identify the applicable time period and the actual

4  hours allegedly worked); *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785, 2013 WL

5  609307, at *4 (N.D. Ga. Feb. 19, 2013) ("a motion to dismiss is an appropriate

6  vehicle for testing the sufficiency of the factual allegations supporting an FLSA

7  collective action"); *Creech v. Holiday CVS, LLC*, No. 11-46, 2012 U.S. Dist. LEXIS

8  144838, at *7 (M.D. La. Sept. 26, 2012) (dismissing collective action allegations that

9  "lack the level of factual specificity required to survive a Rule 12(b)(6) motion"); *St.*

10  *Croix v. Genentech, Inc.*, No. 8:12-cv-891-T-33EAJ, 2012 WL 2376668, at *3 (M.D.

11  Fla. Jun. 22, 2012) (plaintiff's collective action allegations must satisfy *Iqbal* and

12  *Twombly*); *Khalili v. Comerica Bank,* No. 11-759 SC, 2011 WL 2445870, at *3 (N.D.

13  Cal. June 16, 2011) (dismissing collective action claims); *Pickering v. Lorillard*

14  *Tobacco Co., Inc.*, No. 2:10-CV-633, 2011 WL 111730, at *2 (M.D. Ala. Jan. 13,

15  2011) (holding collective action allegations lack the level of factual specificity

16  required to survive a motion to dismiss after *Twombly* and *Iqbal*); *Landry v. Peter*

17  *Pan Bus Lines, Inc.*, No. 09-11012, 2009 WL 9417053, at *1 (D. Mass. Nov. 20,

18  2009) (motion to dismiss collective action claims granted where plaintiff failed to "set

19  forth factual allegations creating a 'plausible' entitlement of relief for anyone other

20  than himself").  Because Plaintiffs' Complaint contains only the barest of allegations

21  regarding the members of the purported collective action that they seek to represent,

22  failing to even mention their job titles or duties – or providing any other details by

23  which Defendants, and the Court, can ascertain who is included – the Complaint

24  should be dismissed.

25      In the alternative, Defendants seek a more definite statement as to Plaintiffs'

26  collective action claims.  A party may obtain a more definite statement under Fed. R.

27  Civ. P. 12(e) where the complaint is "so vague or ambiguous that the party cannot

28  reasonably prepare a response."  *Quain v. Clear Channel Commc'ns, Inc.*, No. CV-

- 5 -

09-2365, 2010 WL 682538, at *1 (D. Ariz. Feb. 25, 2010).  Here, Plaintiffs' collective action allegations are so vague as to make it impossible for Defendants to determine how to respond.  Accordingly, if the motion to dismiss is not granted, Plaintiffs should be required to provide a more definite statement.

### III.   PLAINTIFFS' COMPLAINT FAILS TO ALLEGE MATERIAL FACTS NECESSARY TO SUPPORT AN FLSA COLLECTIVE ACTION.

The FLSA permits plaintiffs to bring an action "against any employer . . . on behalf of himself . . . and other employees similarly situated." 29 U.S.C § 216(b).  Although the Ninth Circuit has not construed the term "similarly situated," courts have held that plaintiffs need to assert "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *See Colson v. Avnet, Inc.,* 687 F. Supp. 2d 914, 924 (D. Ariz. 2010); *Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (citations omitted).

The allegations in the Complaint do not plausibly meet this standard.  According to Plaintiffs' Complaint, the putative class in this action consists of an *unspecified* number of individuals, working in *unspecified* jobs, performing *unspecified* job duties, in *unspecified* locations throughout the country, during *unspecified* time periods, who allegedly were improperly compensated in violation of the FLSA.  (Compl., ¶¶ 1, 3, 21, 22, 25-27, 29-31, 33.)   In other words, the Complaint is devoid of a single fact, detail, or description that defines the putative class.  Nowhere do Plaintiffs assert facts showing that the putative class members were together "victims of a single decision, policy or plan," as they must.  *Id*.  Rather, Plaintiffs simply assert that they are bringing this action on "behalf of themselves and all others similarly situated," without providing any clue as to the identity of those "similarly situated" individuals.  (*Id*. at ¶ 1.)  This is not surprising, given that Plaintiffs do not even allege facts regarding *their own* job titles or job duties, or even the dates during which they were employed by Defendants.

1    To call Plaintiffs' allegations "threadbare recitals of the elements of a cause of

2  action," would be generous.  In reality, Plaintiffs' repeated use of the phrase "all

3  others similarly situated" as the only description of the putative class is nothing more

4  than a legal conclusion – exactly the type of allegation that the United States Supreme

5  Court, and other federal courts throughout the country, specifically held does not

6  suffice to state a cause of action.  *Ashcroft*, 556 U.S. at 678; *see also Dyer,* 2013 WL

7  609307, at *4 (plaintiff's assertion that she seeks a collective action with a "class of

8  employees that is 'similarly situated in terms of job duties, pay, and compensation," is

9  a legal conclusion and insufficient under *Iqbal*); *Creech*, 2012 U.S. Dist. LEXIS

10  144838, at *8 (the absence of any description or details about the "other proposed

11  parties who are alleged to be 'similarly situated,'" fails to give rise to a plausible right

12  to relief); *Kemp v. Target Corp.*, 12-CV-3858, 2013 U.S. Dist. LEXIS 133303, at *8-

13  9 (N.D. Ala. Sept. 18, 2013) (allegations consisting of "similarly situated female

14  employees who work as Team Leads and 'all other female Team Leaders' who

15  perform work requiring 'equal skill, effort, and responsibility' 'under similar working

16  conditions' as male employees, are exactly the type of 'formulaic recitation of the

17  elements of a cause of  action' which *Iqbal* states 'will not do.'").

18    Courts have repeatedly granted motions to dismiss under Rule 12(b)(6) when

19  faced with similarly threadbare and non-descriptive allegations regarding collective

20  action claims.  *See, e.g., St. Croix*, 2012 WL 2376668, at *3 (dismissing collective

21  action where plaintiff – just like the Plaintiffs here – sought relief on behalf of

22  "numerous individuals who were similarly situated," because that was a legal

23  conclusion and failed to satisfy *Twombly* and *Iqbal* pleading standards); *Pickering*,

24  2011 WL 111730, at *2 (plaintiff's failure to provide any "description of the job

25  duties (or even the job titles) of the proposed similarly situated employees" or these

26  employees' pay provisions does not satisfy the pleading requirements set forth in

27  *Twombly* and *Iqbal*); *Landry*, 2009 WL 9417053, at *1 (plaintiff's allegations that "an

28  unspecified number of individuals, working in unspecified jobs, at unspecified places,

were compensated according to an unspecified policy or practice, resulting in an underpayment of wages in violation of the FLSA," amount to nothing more than "legal conclusions and are not entitled to an assumption of truth.") (citing *Iqbal*, 129 S. Ct. at 1950).

Indeed, courts have recognized that deficient collective action allegations such as those asserted by the Plaintiffs here do not justify subjecting Defendants to discovery on those issues. *See, e.g., Khalili,* 2011 WL 2445870, at *3 ("Discovery is costly, time-consuming and invasive, and before a plaintiff can compel a defendant to open its books and sit for depositions, it must justify this imposition by stating a plausible claim for relief."); *Twombly*, 550 U.S. at 559, 560 n.6 (dismissal of claims failing to meet the pleading standards is  especially vital for cases in which the threat of "sprawling, costly and hugely time-consuming" discovery "will push cost-conscious defendants to settle even anemic cases.").  Because Plaintiffs here have failed to define those who are allegedly "similarly situated" – and failed to include in their Complaint any facts that demonstrate that their collective action claims are plausible, such that Defendants should be subjected to costly discovery – Defendants respectfully submit that the collective action allegations should be dismissed.

## IV.     PLAINTIFFS' PURPORTED CLASS DEFINITION IN THEIR CERTIFICATION MOTION DOES NOT, AND CANNOT, REMEDY THE DEFICIENCIES IN THE COMPLAINT.

As the Court is aware, Plaintiffs filed a Motion to Proceed as a Collective Action on February 18, 2014 ("Certification Motion"), in direct contravention of this Court's February 11, 2014 Order (Dkt. No. 20) instructing the parties to confer and submit a joint plan for conditional certification no later than 14 days after defendants filed their responsive pleading.  The Court has since clarified its February 11 Order, and stayed briefing on the pending Certification Motion.  *See* Dkt. No. 27. Ultimately, however, the definition of the proposed collective in the Certification Motion is no better than that set forth in the Complaint, and should not dissuade the

1    Court from dismissing the collective action allegations under the *Twombly* and *Iqbal*

2    standards.

3         First, while some courts have looked to the definition proposed in motions for

4    conditional certification to provide further guidance on who is alleged to be "similarly

5    situated" to the Plaintiffs, the greater weight of authority suggests that the deficiencies

6    in the collective action allegations set forth in the complaint must be addressed on a

7    motion to dismiss irrespective of any further explanation of the class in a certification

8    motion. *See, e.g., Dyer*, 2013 WL 609307, at *3 (rejecting plaintiffs' contention that

9    the sufficiency of the collective action allegations should be addressed at the

10   certification motion stage, and not on a motion to dismiss) (citing *Hoffman v. Cemex,*

11   *Inc.*, No. H-09-3144, 2009 WL 4825224, at *12 (S.D. Tex. Dec. 8, 2009).  Moreover,

12   the allegations in a complaint must meet the applicable pleadings standards on its

13   own, and arguments in briefs cannot serve to amend or remedy a deficient complaint.

14   *See, e.g., Pickering*, 2011 WL 111730, at *2 ("pleading deficiencies cannot be cured

15   in a brief"); *Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C.*, 288 F.R.D. 340,

16   344 (D.N.J. 2012) (insufficiencies in complaint cannot be cured by a brief; "[r]ather

17   the mechanism for curing pleading deficiencies is to follow Fed.R.Civ. P. 15(a)");

18   *Brown v. North Cent. F.S., Inc.*, 173 F.R.D. 658, 670 (N.D. Iowa 1997) ("arguments

19   in briefs are no substitute for pleading of the requisite facts").

20        Second, even if the Court were to look to the Certification Motion for

21   guidance, it would still be left unsure as to whom Plaintiffs claim are the "similarly

22   situated" individuals who they seek to represent.  In the Certification Motion,

23   Plaintiffs define the purported collective action as including "all FLSA non-exempt

24   current and former employees who have been employed at any time since January 14,

25   2011 at American Express Company and AMEX Card Services Company's call

26   centers nationwide who have worked in positions in which employees handle calls

27   with the public, customers or with vendors including collections specialists and

28   customer service representatives and related positions."  Dkt. No. 22 at p. 2.  This

1   purported definition, while providing slightly more information than that set forth in

2   the Complaint, remains unduly vague and overbroad, and provides no reasonable

3   notice to Defendants of who is included in its scope.  Indeed, this implausible

4   "definition" would, by its own terms, include a maintenance worker who uses the

5   telephone to contact a vendor, an administrative assistant who purchases office

6   supplies, a receptionist who answers phone calls, and any other non-exempt

7   individual who "handle[s] calls."  Defendants simply cannot respond to collective

8   action claims that are stated in such broad and amorphous terms, and requiring them

9   to do so would contravene the mandates set forth by the Supreme Court in *Twombly*

10  and *Iqbal*.  The Court should, therefore, dismiss the collective action claims or,

11  alternatively, direct Plaintiffs to provide a more definite statement from which a

12  responsive pleading may be framed.

## CONCLUSION

14       For all of the foregoing reasons, Defendants request that their motion to

15  dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(6) and that the "collective action"

16  allegations of the Complaint be dismissed for failure to meet the pleading standards

17  articulated by the Supreme Court in *Twombly* and *Iqbal*.  Alternatively, Plaintiffs

18  should be required to provide a more definite statement of their collective action

19  allegations pursuant to Fed. R. Civ. P. 12(e).

20

21

22

23

24

25

26

27

28

1    Dated this 27th day of February, 2014.

2

3                                           OSBORN MALEDON, P.A.

4                                    By  s/ William J. Maledon
                                          William J. Maledon
5                                         Dawn L. Dauphine
                                          2929 N. Central Ave, 21st Floor
6                                         Phoenix, Arizona  85012-2793

7
                                          MORGAN, LEWIS & BOCKIUS LLP
8                                         Richard G. Rosenblatt (*pro hac vice*)
                                          Pamela S. Richardson (*pro hac vice*)
9                                         502 Carnegie Center
                                          Princeton, NJ  08540-6241
10

11                                        Sharon A. Lisitzky (*pro hac vice*)
                                          5300 Wachovia Financial Center
12                                        200 S. Biscayne Boulevard
                                          Miami, FL 33131-2339
13

14                                     **Attorneys for Defendants**

15                             **<u>CERTIFICATE OF SERVICE</u>**

16
          I hereby certify that on February 27, 2014, the attached document was
17   electronically transmitted to the Clerk of the Court using the CM/ECF System which
     will send notification of such filing and transmittal of a Notice of Electronic Filing to all
18   CM/ECF registrants.

19
     s/ Lindsay B. Jensen
20

21

22

23

24

25

26

27

28