WO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

JONATHAN LONGNECKER, et al.,          )
                                      )
                    Plaintiffs,       )
                                      )
           vs.                        )
                                      )
AMERICAN EXPRESS COMPANY, et al.,     )
                                      )          No. 2:14-cv-0069-HRH
                    Defendants        )
_____)

O R D E R

Motion to Dismiss Collective Action Allegations

Defendants move to dismiss the collective action allegations in plaintiffs' complaint, or in the alternative, to require plaintiffs to provide a more definite statement regarding their collective action allegations.[1]  This motion is opposed.[2]  Oral argument was not requested and is not deemed necessary.

---

[1]Docket No. 34.

[2]Docket No. 35.

-1-

Background

Plaintiffs are Jonathan Longnecker, Erandi Acevedo, Jennifer Flynn, Bonita Kathol, and Janet Seitz.  Defendants are American Express Company and AMEX Card Services Company.

Plaintiffs are "current or former employees of the defendants" who worked at "defendants' call center in Phoenix, Arizona."[3]  Plaintiffs allege that they "were scheduled to work 40 hours each workweek" and that they worked various shifts.[4]  For example, some plaintiffs worked "four 7.5-hour shifts and one 10-hour shift" per week, while others worked "five 8 hour shifts...."[5]  Plaintiffs allege that "during each scheduled shift that is 8 hours or longer, [they] received an unpaid 30-minute time period designated as their 'meal period.'"[6]  Plaintiffs allege that they were "instructed by defendants to list on their timesheets only the hours in which they were scheduled to work...."[7]  Plaintiffs allege that "each day [they] spend time engaged in pre-shift activities, which must be performed at the defendants' facility before plaintiffs' official shift starting times, including but not limited to, starting computer systems necessary to begin taking phone calls from customers

---

[3]Complaint in Collective Action at 2, ¶¶ 1 & 3, Docket No. 1.

[4]Id. at 3, ¶ 12.

[5]Id.

[6]Id. at 4, ¶ 14.

[7]Id. at ¶ 16.

and reviewing emails."[8]  Plaintiffs allege that they perform similar work prior to the end of their "meal period."[9]  Plaintiffs allege that they perform this work because defendants require them to be ready to take calls as soon as their shifts start and as soon as they come back from their meal breaks.[10]  Plaintiffs allege that "[d]efendants have other call center locations where employees perform the same or similar job duties as plaintiffs do at the Phoenix call center...."[11]

On January 14, 2014, plaintiffs commenced this action on behalf of themselves and other similarly situated employees.  Plaintiffs allege that defendants have violated the Fair Labor Standards Act by failing and refusing to pay plaintiffs and other similarly situated employees overtime for pre-shift work performed prior to plaintiffs' paid start time and by failing and refusing to pay plaintiffs and other similarly situated employees overtime for work performed during their meal periods.  Plaintiffs also allege that defendants have miscalculated any overtime that they and other similarly situated employees have been paid because defendants have failed to include incentive awards and shift differentials in their calculation of employees' regular rate of pay.

_____

[8]Id. at ¶ 18.

[9]Id. at 5, ¶ 19.

[10]Id. at 4-5, ¶¶ 18-19.

[11]Id. at 5, ¶ 22.

Defendants now move to dismiss the collective action allegations in plaintiffs' complaint.

Discussion

"Rule 12(b)(6) authorizes courts to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'" In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Fed. R. Civ. P. 12(b)(6)). "To avoid dismissal, the complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] plaintiff must 'allege sufficient factual matter ... to state a claim to relief that is plausible on its face.'" OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting Pinnacle Armor, Inc. v. United States, 648 F.3d 708, 721 (9th Cir. 2011)). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012).

The FLSA authorizes an employee to bring an action on behalf of "himself ... and other employees similarly situated." 29 U.S.C. § 216(b). "While the FLSA does not define the term 'similarly situated,' plaintiffs may survive a motion to dismiss if they at least 'provide a modest factual showing sufficient to demonstrate that they and potential plaintiffs ... were victims of a common policy or plan that violated the law.'" Cavallaro v.

-4-

UMass Memorial Health Care, Inc., --- F. Supp. 2d ---, 2013 WL 360405, at *10 (D. Mass. 2013) (quoting Zhong v. August August Corp., 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007)).

As an initial matter, plaintiffs argue that the sufficiency of their collective action allegations are best tested in the context of a motion for conditional certification and that defendants are attempting to do an end run around the certification process.  There is authority supporting plaintiffs' position.  See, e.g., Colson v. Avnet, Inc., 687 F. Supp. 2d 914, 919 n.1 (D. Ariz. 2010) (argument regarding sufficiency of collective action allegations is "more appropriate for resolution in a Motion for Collective Action Notification, rather than a Motion to Dismiss relying on Twombly and Iqbal").  However, there is also authority to the contrary.  See, e.g., Dyer v. Lara's Trucks, Inc., Case No. 1:12–CV–1785-TWT, 2013 WL 609307, at *4 (N.D. Ga. Feb. 19, 2013) ("a motion to dismiss is an appropriate vehicle for testing the sufficiency of the factual allegations supporting a FLSA collective action").  Given that the court has stayed briefing on plaintiffs' conditional certification motion,[12] it is appropriate to test the sufficiency of plaintiffs' collective action allegations in the context of the instant motion to dismiss.

Turning then to the merits of the instant motion, defendants argue that plaintiffs have not adequately alleged that they and the putative class members are "similarly situated" with respect to their job requirements and pay provisions.  Defendants contend

---

[12]See Docket No. 27.

that plaintiffs have failed to allege sufficient factual details about who it is that they seek

to represent.  Defendants contend that plaintiffs have failed to allege when they and these

other similarly situated individuals were employed by defendants, instead referring to "all

times material herein."  Defendants also contend that plaintiffs' complaint does not identify

what positions plaintiffs held, what their job titles were, or what specific job duties they

performed nor does plaintiffs' complaint allege this information as to the alleged similarly

situated employees.  Defendants contend that other courts have dismissed collective action

complaints that failed to contain such factual details.  For example, the court in Dyer, 2013

WL 609307, at *4, dismissed the plaintiff's collective action cause of action because it did

"not give the Defendants fair notice of the Plaintiff's putative class."  The plaintiff had

asserted "that she seeks a collective action with a class of employees that is 'similarly

situated in terms of job duties, pay, and compensation' but did not allege any specifics

about the job duties, pay or compensation.  Id.  Similarly, in St. Croix v. Genentech, Inc.,

Case No. 8:12–cv–891–T–33EAJ, 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2012), the court

found the plaintiff's collective action allegations insufficient because she provided only her

job title and did not provide any "description of the job duties (or even the job titles) of the

alleged similarly situated employees.  Nor are there any allegations concerning the

similarly situated employees' pay provisions."  And, in Creech v. Holiday CVS, LLC, Case

No. 11–46–BAJ–DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012), the court held that

the plaintiff's collective action allegations were not sufficient to state a plausible claim because the "plaintiff only claims the other class members performed the same or similar job duties in that they 'provided customer services' for the Defendants. This is not descriptive enough to give rise to a plausible right to relief. Moreover, Plaintiff fails to allege sufficient facts to show that she and those 'similarly situated' were subject to the same pay provisions."

Defendants argue that similarly here, plaintiffs have failed to allege a single fact, detail, or description that defines the putative class. Defendants contend that according to plaintiffs' complaint, the putative class consists of a unspecified number of individuals, working in unspecified positions, performing unspecified job duties, in unspecified locations throughout the country, during unspecified times. Defendants insist that such vague allegations are insufficient. See Landry v. Peter Pan Bus Lines, Inc., Case No. 09–11012–RWZ, 2009 WL 9417053, at *1 (D. Mass. Nov. 20, 2009) (dismissing the plaintiff's collective action claims because he alleged "that an unspecified number of individuals, working in unspecified jobs, at unspecified places, were compensated according to an unspecified policy or practice, resulting in an underpayment of wages in violation of the FLSA"). Defendants argue that it is simply not sufficient for plaintiffs to allege that other individuals are similarly situated because such an allegation is nothing more than a legal conclusion, which is insufficient to state a plausible claim. See Dyer, 2013 WL 609307, at

*4 (allegation that the plaintiff is similarly situated to other employees in terms of job duties, pay, and compensation is legal conclusion).

Defendants also argue that plaintiffs' proposed definition of the putative class[13] in their motion to certify cannot save the collective action allegations in their complaint. Defendants contend that while some courts have looked to the definition proposed in motions for conditional certification, the great weight of authority suggests that deficiencies in the collective action allegations set forth in the complaint must be addressed on a motion to dismiss irrespective of any further explanation of the class in a certification motion.  See, e.g., Dyer, 2013 WL 609307, at *3 (quoting Meggs v. Condotte Am., Inc., No. 12–20876–CIV, 2012 WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012) ("'where a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage'"); see also, Pickering v. Lorillard Tobacco Co., Case No.

_____

[13]Plaintiffs' proposed definition is:

> All present and former employees who have worked at any American Express call center for any time period since January 14, 2011 in positions that handle calls with the public, customers or vendors regardless of the position title. Covered positions include Collections Specialist or Customer Service Representative as well as any position whose duties involve making or receiving phone calls with American Express's customers, vendors, or the public.

Proposed Notice, Exhibit A, Plaintiffs' Motion to Proceed as Collection Action, Docket No. 22.

2:10-CV-633-WKW[WO], 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2012) ("pleading deficiencies cannot be cured in a brief").  Moreover, defendants argue that plaintiffs' proposed definition in its certification motion is also too vague to give defendants fair notice of who is included in the class.  Defendants suggest that employees such as a maintenance worker who uses the phone to call a vendor or a receptionist who answers phone calls would fall within this putative class.  Defendants insist that they cannot respond to collective action claims that are stated in such broad and amorphous terms as plaintiffs have done here.

Defendants emphasize that they are only arguing that plaintiffs have failed to adequately allege who it is that plaintiffs wish to represent.  Defendants are not challenging, for purposes of the instant motion, the sufficiency of plaintiffs' allegations regarding the work that plaintiffs claim they were required to do off the clock.  Defendants do not dispute that plaintiffs have adequately pled individual FLSA claims, but defendants insist that plaintiffs have not adequately pled who they are seeking to represent in this action.

Plaintiffs' complaint contains sufficient factual allegations to make their collective action claims plausible.  Plaintiffs have alleged that they and other employees who worked at defendants' call centers were required to log onto their computers and read emails while in an unpaid status both pre-shift and during meal periods and that they have alleged that

they did so because defendants required them to be available to take calls as soon as their paid shifts commenced. Plaintiffs have also alleged defendants have miscalculated their overtime rate because defendants failed to include payments such as "incentive awards and shift differentials" in their regular rate of pay.[14] These allegations are sufficient to give defendants fair notice of who is included in the putative class. Plaintiffs do not need to allege an exhaustive list of job titles in order to adequately allege that they and other employees were similarly situated. In order to have alleged plausible collective action claims it is sufficient that plaintiffs have alleged that they and other employees had similar job duties, namely making phone calls to and receiving phone calls from defendants' clients and vendors. Plaintiffs have adequately alleged that the putative class contains call center employees who field calls for defendants. It is plausible that plaintiffs and other employees in defendants' call centers whose primary job duty was to answer calls were subject to a common plan or policy that violated the FLSA.

In the alternative, defendants move that plaintiffs be required to provide a more definite statement as to their collective action claims. "A party may obtain a more definite statement under Rule 12(e) where the complaint is 'so vague or ambiguous that the party cannot reasonably prepare a response.'" Quain v. Clear Channel Communications, Inc., Case No. CV–09–2365–PHX–DGC, 2010 WL 682538, at *1 (D. Ariz. Feb. 25, 2010) (quoting

---

[14]Complaint in Collective Action at 6-7, ¶¶ 26, 29, & 31, Docket No. 1.

Fed. R. Civ. P. 12(e)).  Defendants argue that plaintiffs' collective action allegations are so vague that it is impossible for defendants to determine how to respond.

"[M]otions for a more definite statement are disfavored, and 'ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail.'" Medrano v. Kern County Sheriff's Officer, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013) (quoting Dri–Eaz Products, Inc. v. Nguyen, No. C 11–1654Z, 2012 WL 1537598, at *1, (W.D. Wash. May 1, 2012)).  Plaintiffs' complaint does not suffer from unintelligibility. Defendants' motion for a more definitive statement is denied.

Conclusion

Defendants' motion to dismiss is denied as is their alternative motion for a more definite statement.[15]

DATED at Anchorage, Alaska, this 21st day of April, 2014.

/s/ H. Russel Holland
United States District Judge

---

[15]Docket No. 34.